Jacob U. Ginsburg (JG2442)
Kimmel & Silverman, P.C.
30 East Butler Ave.
Ambler, PA 19002
Telephone: (215) 540-8888 ext. 104
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| WENDY SCHUCHMANN,<br><br>      Plaintiff,<br><br>    v.<br><br>SUNSEA ENERGY NJ, LLC<br><br>      Defendant. | Case No.: 22-CV-5354<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

# COMPLAINT

WENDY SCHUCHMANN ("Plaintiff" or "Ms. Schuchmann"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against SUNSEA ENERGY NJ, LLC ("Sunsea" or "Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* the Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01 *et seq.* ("OCSPA").

## JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising

under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012) (confirming that 28 U.S.C. § 1331 grants the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3.   This Court has supplemental jurisdiction over Plaintiff's related state law claims, pursuant to 28 U.S.C. § 1367.

4.   Defendant's headquarters are based in the State of New Jersey.

5.   Accordingly, this Court has personal jurisdiction over Defendant in this matter.

6.   Furthermore, venue is proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

7.   Ms. Schuchmann is a natural person residing in Williamsburg, Ohio.

8.   Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

9.   Sunsea Energy is a corporation that has its principal place of business, head office, or otherwise valid mailing address at 1930 Marlton Pike East, Suite N73, Cherry Hill, New Jersey 08003.

10.  Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

11.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12.  At all times relevant hereto, Plaintiff maintained a cellular telephone, the number for which was (513) XXX-8235.

13.  At all times relevant hereto, Plaintiff primarily used that cell phone for personal purposes.

14. Ms. Schuchmann registered that cell phone number on the Do Not Call Registry on or around October 27, 2003.

15. Plaintiff registered that cell phone number on the Do Not Call list in order to obtain solitude from unwanted telemarketing and solicitation calls.

16. Beginning on or around October 22, 2020, Defendant began calling Plaintiff on her cellular telephone to sell Plaintiff their energy plan.

17. Prior to receiving the calls from Defendant, Plaintiff never sought information about energy plans.

18. Plaintiff did not consent to being contacted by Defendant.

19. The calls were not made for "emergency purposes," but rather for telemarketing purposes.

20. Despite registration on the Do Not Call Registry, Defendant placed calls to Plaintiff on numerous occasions attempting to get Plaintiff to change her energy plan to that of Defendant's purported energy plan, in which Plaintiff had no interest.

21. In total, Defendant placed at least 25 calls to Plaintiff.

22. Most if not all of those calls began with a pre-recorded message advising that Plaintiff was paying "too much" for her electric bill.

23. An inexhaustive list of those solicitation calls from Defendant to Plaintiff's cell phone follows below:

| Date and time: | Caller ID: |
|---|---|
| October 22, 2010 at 2:18 PM | 513-559-3036 |
| October 22, 2020 at 2:47 PM | 514-516-8414 |
| October 22, 2020 at 2:48 PM | 515-908-6630 |
| October 22, 2020 at 7:03 PM | 513-509-7908 |
| October 22, 2020 at 7:12 PM | 513-509-6986 |
| October 22, 2020 at 7:24 PM | 519-377-6160 |

| | |
|---|---|
| October 22, 2020 at 7:25 PM | 519-924-7943 |
| October 22, 2020 at 7:25 PM | 517-548-6042 |
| October 22, 2020 at 7:25 PM | 518-153-5261 |
| October 22, 2020 at 7:26 PM | 519-209-4013 |
| October 22, 2020 at 7:27 PM | 513-509-7270 |
| October 22, 2020 at 8:20 PM | 513-509-7216 |
| October 22, 2020 at 8:20 PM | 513-509-7966 |
| October 22, 2020 at 8:21 PM | 513-509-8003 |
| October 22, 2020 at 8:23 PM | 513-509-7697 |
| October 22, 2020 at 8:26 PM | 518-922-2152 |
| January 11, 2021 at 1:59 PM | 513-728-1602 |
| January 11, 2021 at 2:06 PM | 513-595-9982 |
| January 11, 2021 at 2:15 PM | 513-371-2958 |
| January 11, 2021 at 2:15 PM | 513-737-0427 |
| January 12, 2021 at 9:22 am | 513-916-4748 |
| January 12, 2021 at 10:54 am | 513-894-2013 |
| January 12, 2021 at 11:13 am | 513-548-5772 |
| January 13, 2021 at 9:48 am | 513-484-8458 |
| January 14, 2021 at 6:58 pm | 513-421-4275 |

24. Upon information and belief, Plaintiff received additional calls from Defendant not included in the above.

25. In an effort to confirm the identity of the party making the harassing calls, Plaintiff asked caller to identify which company they were calling from, and the caller identified Sunsea Energy.

26. During one call on October 22, 2020, Plaintiff pressed the corresponding button to be removed from Defendant's call list. Nonetheless, the telemarketing calls from Defendant continued.

27. Defendant called Plaintiff over 10 times on October 22, 2020, as Plaintiff kept hanging up and she would immediately get a call back from a different, spoofed number.

28. Furthermore, Defendant solicited to Plaintiff at her Ohio area-code phone number seeking to supply energy to an Ohio-based consumer, despite failing to register with the Ohio

Office of the Attorney General as a telephone solicitor. *See* https://www.ohioattorneygeneral.gov/Business/Telephone-Solicitors.

29. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that her privacy had been invaded by Defendant.

## COUNT I
## **DEFENDANT VIOLATED THE TCPA 47 U.S.C. §227(b)**

30. Plaintiff incorporates the forgoing paragraphs as though the same were set forth herein.

31. The TCPA prohibits placing calls using an automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

32. Most, if not all calls, began with a pre-recorded message about Defendant's purported competitive energy rates and how much money the consumer can save.

33. Defendant's calls were not made for "emergency purposes."

34. Defendant's calls to Plaintiff's cellular telephone were without any prior express consent.

35. Defendant contacted Plaintiff despite the fact that Plaintiff's number has been on the Do Not Call Registry since 2003.

36. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

37. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## Defendant Violated the TCPA 47 U.S.C. § 227(c)(5)

39. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

40. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or his telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

41. Defendant placed solicitation calls to Plaintiff despite the fact that Plaintiff's number has been on the Do Not Call Registry since October 2003.

42. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

43. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

44. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**COUNT III**
**Defendant Violated Ohio Consumer Sales Practices Act, Ohio Rev. Code § 1345.01 *et seq*
and Ohio Admin. Code 109:4-3-11**

45. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

46. Defendant is a "supplier" as defined by the Ohio Consumer Sales Practices Act.

47. Plaintiff is a "consumer' or "person" protected by the Ohio Consumer Sales Practices Act.

48. Ohio Admin. Code 109:4-3-11(A)(1) renders it a deceptive act for a "supplier" to a sale without clearly, affirmatively, and expressly revealing at the time the supplier initially contacts the consumer or prospective consumer, and before making any other statement, asking any question, or entering the residence of the consumer or prospective consumer, that the purpose of the contact is to effect a sale, stating in general terms the goods or services the supplier has to offer.

49. Defendant violated that provision by placing calls to plaintiff offering a reduction in energy bill without disclosing the company and that the call is made for the purpose of soliciting business.

50. As a result of the above violations of the Ohio Consumer Sales Practices Act, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual damages and attorneys' fees and costs.

**COUNT IV**
**Defendant Violated the Ohio Telephone Solicitation Act
Ohio Rev. Code Ann. § 4719.02(A)**

51. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

52. Ohio Rev. Code Ann. § 4719.02(A) provides "No person shall act as a telephone solicitor without first having obtained a certificate of registration or registration renewal from the attorney general under section 4719.03 of the Revised Code."

53. Defendant violated that provision by placing solicitation calls without being registered with the Ohio Attorney General.

54. As a result of the above violations of the Ohio Telephone Solicitation Act, Plaintiff is entitled to Plaintiff to an award of statutory, actual damages and attorneys' fees and costs.

**Wherefore**, Plaintiff, **Wendy Schuchmann,** respectfully prays for judgment as follows:

a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. §227(b)(3)(A));

b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c)(5)(B));

d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

e. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(c)(5)(C));

f. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c));

g. Statutory damages of $200 per unlawful call under the Ohio Consumer Sales Practices Act and the Ohio Telephone Solicitation Act; and

h. Attorneys' fees and costs as provided by the Ohio Consumer Sales Practices Act; and

i. Any other relief this Honorable Court deems appropriate.

8

PLAINTIFF'S COMPLAINT

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, WENDY SCHUCHMANN, demands a jury trial in this case.

**CERTIFICATION PURSUANT TO L.CIV.R. 11.2**

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not subject to any other action pending in any court, arbitration or administrative proceeding.

RESPECTFULLY SUBMITTED,

DATED: August 31, 2022

By: /s/ Jacob U. Ginsburg
Jacob U. Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Ave.
Ambler, PA 19002
Phone: (215) 540-8888 ext. 104
Facsimile: (877) 788-2864
Email: jginsburg@creditlaw.com
Email: teamkimmel@creditlaw.com